STOKER, Judge.
This suit involves the eviction of a tenant who was renting an apartment pursuant to a government subsidy. Finding a violation of the lease, the trial court held that the eviction was proper. The tenant appealed and the trial court granted a suspensive appeal. We reverse, finding that the landlord did not comply with the termination notice requirements in the lease.
Linda Williams, the resident manager of the Apollo Plaza Apartments,' leased an apartment to Sonjia Gosey. Less than a month after Ms. Gosey signed the lease agreement, Ms. Williams gave Ms. Gosey notice to vacate the apartment for failure to comply with the terms of the lease. When Ms. Gosey failed to vacate the apartment, Apollo Plaza Apartments, through Ms. Williams, filed suit seeking an eviction.
The lease provides that:
“All termination notices must:
1) specify the date this Agreement will be terminated;
2) state the grounds for termination with enough detail for the Tenant to prepare a defense;
3) advise the Tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the Landlord. The 10-day period will begin on the earlier of the date that notice was hand-delivered to the unit or the day after the date the notice is mailed. If the Tenant requests the meeting, the Landlord agrees to discuss the proposed termination with the Tenant; and
4) advise the Tenant of his/her right to defend the action in court.”
We attach a copy of the notice to vacate, labeled Appendix A. The notice to vacate fails (1) to state the grounds for termination in sufficient detail, (2) to advise the tenant that she had 10 days to discuss the proposed termination, and (3) to advise the tenant of her right to defend the action in court. Possibly no prejudice to the defendant resulted from the failure of the notice to advise defendant regarding the rights listed as (2) and (3) in the preceding sentence. However, the failure of the notice to specify the grounds for termination with enough detail to permit the defendant to *495 prepare a defense is another matter. Accordingly, we reverse the trial court’s judgment.
DISPOSITION
The trial court’s judgment evicting Ms. Gosey is reversed. Costs of this appeal are assessed against Apollo Plaza Apartments.
REVERSED.
APPENDIX A
NOTICE TO VACATE
TO: SONJIA GOSEY
APOLLO PLAZA APARTMENTS # B-10
HC-62 400 MIDDLE CREEK ROAD
MANY, LOUISIANA 71449
YOU ARE HEREBY NOTIFIED to vacate the premises described in the address above, within five (5) days of the date of delivery of this notice to you, as your lease was terminated when you failed to abide by the rules of your lease by using loud and profane language, excessive visitors in and out of apartment, unauthorized guest staying in apartment, along with excessive noises from your apartment. Should you fail to vacate within this period, court proceedings will be taken immediately to evict you from the premises.
/s/Linda P. Williams
LINDA P. WILLIAMS
RESIDENT MANAGER
July 18, 1990